UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZABIHOLLAH NAJAFIANASHRAFI,<br><br>Plaintiff,<br><br>v.<br><br>MERRICK B. GARLAND, et al.,<br><br>Defendants. | No. 1:24-cv-00336-KES-BAM<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS BE DENIED<br><br>Docs. 2, 4 |

Plaintiff Zabiholla Najafianashrafi, proceeding pro se, initiated this action on March 21, 2024, seeking the adjudication of his petition for adjustment of his immigration status to permanent residence. Doc. 1. On the same day, plaintiff filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. Doc. 2. On March 29, 2024, the assigned magistrate judge found that plaintiff had not made the showing required under section 1915 that he is unable to pay the required fees for this action. Doc. 4. The magistrate judge recommended that plaintiff's application to proceed without prepayment of fees and costs be denied and that plaintiff be required to pay the $405.00 filing fee in full to proceed with this action. *Id.* The findings and recommendations were served on plaintiff and contained notice that objections were to be filed within fourteen days of service. *Id.* at 2-3. Plaintiff has not filed any objections, and the time to do so has expired.

In accordance with 28 U.S.C. § 636 (b)(1), the court has conducted a de novo review of this case.  Having carefully reviewed the file, the court concludes that the findings that plaintiff has not made the required showing to proceed in forma pauperis in this action are supported by the record.  Plaintiff's stated monthly income is $2,932.20 after taxes.  Plaintiff's stated monthly expenses total $2,584.59.  Thus, plaintiff's monthly income exceeds his stated expenses by $347.61.  Plaintiff also states that he has $1,300 in a checking or savings account and that he owns "Crypto" valued at around $3,800.  Given that plaintiff's income is more than twice the 2024 federal poverty guideline, that plaintiff's monthly income exceeds his monthly expenses, and that plaintiff has $1,300 in his savings and around $3,800 in "Crypto," paying the fee in this case would not "deprive [plaintiff] of [his] last dollar," nor would it come close to doing so.  *See Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 768 (9th Cir. 2023) (imposition of partial filing fee was fair where plaintiff had no income nor monthly expenses, and fee represented only 10% of plaintiff's savings, as plaintiff was not forced "to choose between food and filing this lawsuit seeking to vindicate his rights").  Thus, plaintiff has not made the requisite showing to justify permitting him to proceed without prepayment of the filing fee.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations issued on March 29, 2024, Doc. 4, are adopted;
2. Plaintiff's application to proceed in forma pauperis, Doc. 2, is denied; and
3. Plaintiff is required to pay the $405.00 filing fee in full to proceed with this action.

IT IS SO ORDERED.

Dated:   August 23, 2024

_____
UNITED STATES DISTRICT JUDGE