UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZABIHOLLAH NAJAFIANASHRAFI,<br><br>    Plaintiff,<br><br>    v.<br><br>MERRICK GARLAND, et al.,<br><br>    Defendants. | Case No. 1:24-cv-00336-KES-BAM<br><br>ORDER GRANTING *EX PARTE* MOTION FOR FIRST EXTENSION OF TIME PURSUANT TO LOCAL RULE 144(c)<br><br>(Doc. 21) |

On November 19, 2024, Defendants filed an *ex parte* motion requesting an initial extension of time in which to respond to the complaint pursuant to Local Rule 144(c) and Federal Rule of Civil Procedure 6(b)(1)(A).  (Doc. 21.)  Defendants seek to extend the response deadline to February 3, 2025.  (*Id.* at 2.)  They also request that the Scheduling Conference currently set for January 8, 2025, be vacated and reset.  (*Id.* at 2-3.)

Local Rule 144(c) provides: "The Court may, in its discretion, grant an initial extension <u>ex parte</u> upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary."  L.R. 144(c).

Here, Defendants assert that an extension of time is warranted to complete the adjudication of Plaintiff's application for permanent residence, which is expected to render this litigation moot.  (Doc. 21 at 2.)  In the second amended complaint, Plaintiff alleges that U.S. Citizenship and Immigration Services ("USCIS") has unreasonably delayed adjudication of his

1

application for permanent residence, which he filed with the agency in September 2021.  (Doc. 12 at 1 and ¶ 5.)  During the pendency of the application, Plaintiff's application for employment authorization has been approved and his application for travel documents has been approved.  (*Id.* ¶¶ 7-8.)  Defense counsel reportedly has reviewed Plaintiff's complaint with USCIS, and the agency anticipates it will be able to complete its adjudication of Plaintiff's application by the end of January 2025.  (Doc. 21-1, Declaration of Elliot Wong ¶ 2.)  Defendants assert that an extension of the answer deadline to February 3, 2025, will allow USCIS to complete the adjudication of Plaintiff's application, which is expected by Defendants to render this litigation moot.  (Doc. 21 at 2.)  Defendants explain that a stipulation could not be obtained because Plaintiff refused to consent to the requested extension.  (Doc. 21-1, Declaration of Elliot Wong ¶ 3.)

      Having considered the *ex parte* motion, and cause appearing, the Court finds that an initial extension of time for Defendants to respond to the complaint is warranted.  Defendants have demonstrated that an extension is necessary to allow USCIS to adjudicate Plaintiff's application, which may render the action moot.  Defendants also have explained that a stipulation could not be obtained due to Plaintiff's failure to agree to such an extension.  The Court finds, however, that Plaintiff will not be prejudiced by the brief extension of time as this action is in its early stages. The extension also will conserve judicial and party resources, and it may render this litigation moot. Accordingly, Defendants' *ex parte* motion for a first extension of time to respond to the complaint (Doc. 21) is GRANTED.  The deadline for Defendants to respond to Plaintiff's complaint is **February 3, 2025**.  Based on the extension of time, the Scheduling Conference currently set for January 8, 2025, is CONTINUED to **March 6, 2025, at 9:30 AM in Courtroom 8 (BAM) before Magistrate Judge Barbara A. McAuliffe**.  Any further request for an extension of time must be supported by good cause, which will be narrowly construed.

IT IS SO ORDERED.

Dated:   **November 21, 2024**      /s/ *Barbara A. McAuliffe*
                                                        UNITED STATES MAGISTRATE JUDGE