UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZABIHOLLAH NAJAFIANASHRAFI,<br><br>Plaintiff,<br><br>v.<br><br>MERRICK GARLAND, et al.,<br><br>Defendants. | Case No. 1:24-cv-00336-BAM<br><br>ORDER DENYING MOTION FOR COSTS AND MOTION FOR COSTS<br><br>ORDER REGARDING NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO FRCP 41(a)(1)(A)(i)<br><br>(Docs. 26, 27, 28) |

On November 20, 2024, this case was reassigned for all purposes to Magistrate Judge Barbara A. McAuliffe. (Doc. 22.) On November 21, 2024, the Court granted Defendants' *ex parte* application for an extension of time, extending the deadline for Defendants' response to the complaint to February 3, 2025, and resetting the initial scheduling conference for March 6, 2025. (Doc. 23.) On February 3, 2025, Plaintiff Zabihollah Najafianashrafi, proceeding *pro se*, filed a Motion for Costs and supporting affidavit; Motion to Seal or Restrict Public Access to Case Records; and a Notice of Voluntary Dismissal Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Docs. 25-28.) In Plaintiff's Notice of Voluntary Dismissal, he notes that "the issue has been resolved," and therefore requests the case be dismissed without prejudice. (Doc. 28 at 1.)

///

1

**A. Motion for Costs (Docs. 25-26)**

Plaintiff first seeks costs related to a court filing fee, legal consultation and lawsuit template costs, printing and copying costs, mailing expenses, PACER online account fees, transportation costs, and process server fees totaling $1,567.44. (Docs. 25, 26.)

Federal Rule of Civil Procedure 54(d)(1) and Local Rule 292(f) permit a prevailing party to tax costs to the losing side. Rule 54(d)(1) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mex.-Am. Educators v. California,* 231 F.3d 572, 591 (9th Cir.2000) (en banc). Both the Ninth Circuit and numerous judges in this district have held that the court may require a party to bear its own costs "[i]n the event of a mixed judgment." *Amarel v. Connell,* 102 F.3d 1494, 1523 (9th Cir.1996); *see also, e.g., Tubbs v. Sacramento Cnty. Jail,* 258 F.R.D. 657, 659 (E.D.Cal.2009); *Endurance Am. Specialty Ins. Co. v. Lance-Kashian & Co.,* Civ. No. 1:10–1284 LJO DLB, 2011 WL 6012213, at *2 (E.D.Cal. Dec.1, 2011) ("Given the mixed judgment and good faith dispute over difficult issues, an award of costs is unwarranted and each side is to bear its respective costs.").

Here, Plaintiff seeks a voluntary dismissal of this matter, judgment has not been entered, and Plaintiff does not otherwise demonstrate that he is a prevailing party. (*See* Docs. 25-26, 28.) Plaintiff also does not identify statutory authority entitling him to costs. (*Id.*) Accordingly, the Court cannot find that he is entitled to costs. Fed. R. Civ. P. 54(d)(1); L.R. 292. Plaintiff's Motion for Costs (Doc. 26) is therefore denied.

**B. Motion to Seal or Restrict Public Access (Doc. 27)**

Plaintiff further requests the Court: order the sealing or restriction of public access to case documents including complaints, court orders, and related filings on PACER and other publicly accessibly platforms; direct third-party websites to remove or restrict access to case-related documents based on this order; and grant any other relief deemed just and proper in the interest of protecting Plaintiff's privacy. (Doc. 27 at 2.)

However, due to the nature of the suit, Plaintiff's filed documents are only accessible as restricted documents to parties in the case via PACER or through the United States District Court

for the Eastern District of California public terminal.  Additionally, Plaintiff has not sought to seal documents in accordance with Local Rule 141 and has not sought a protective order in accordance with Local Rule 141.1.  Furthermore, Plaintiff provides no authority demonstrating that the Court may direct third-party websites to remove or restrict access to case-related documents.  (*See* Doc. 27.)  Accordingly, Plaintiff's Motion to Seal or Restrict Public Access (Doc. 27) is denied.

### C. Notice of Voluntary Dismissal (Doc. 28)

On February 3, 2025, Plaintiff filed a notice of voluntary dismissal of the entire action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  (Doc. 28.)  In light of Plaintiff's voluntary dismissal, this action is terminated by operation of law without further order from the Court.  Fed. R. Civ. P. 41(a)(1)(A)(i).  This Court VACATES all pending dates and matters, including the Scheduling Conference set for March 6, 2025.  The Clerk of the Court is directed to CLOSE THIS CASE.

### D. Conclusion

Based on the foregoing:

1. Plaintiff's Motion for Costs (Doc. 26) is DENIED;
2. Plaintiff's Motion to Seal or Restrict Public Access to Case (Doc. 27) is DENIED;
3. This action is TERMINATED by operation of law without further order from the Court given Plaintiff's Notice of Voluntary Dismissal (Doc. 28);
4. All pending dates and matters, including the Scheduling Conference set for March 6, 2025 are VACATED; and
5. The Clerk of Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated:   **February 5, 2025**                    /s/ *Barbara A. McAuliffe*
                                                                    UNITED STATES MAGISTRATE JUDGE

3